O

✔ JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| RACHEL AVILA, | No. CV 05-7024 FFM |
|     Plaintiff, | MEMORANDUM OPINION; ORDER THEREON |
| v. | |
| JO ANNE B. BARNHART, Commissioner of Social Security, | |
|     Defendant. | |

Plaintiff filed a complaint on September 27, 2005, seeking review of the Commissioner's denial of plaintiff's application for supplemental security income payments. In accordance with the Court's Case Management Order, the parties filed a Joint Stipulation on July 6, 2006. Thus, this matter is now ready for decision.

This memorandum opinion shall constitute the Court's findings of fact and conclusions of law.

**PROCEDURAL HISTORY**

Plaintiff was, at the time of the decision, a forty-three year old individual with a twelfth grade education and past relevant work as a receptionist and a supervisor of a labor gang. (AR 51, 56, 61, 68, 436-37). She protectively filed her application for benefits on June 24, 2002 (AR 25, 51-53), alleging inability to work because of three

herniated discs in her neck and back and arthritis in her shoulders. She stated that she was unable to sit, stand or walk for periods at a time and that she was unable to lift more than five pounds (AR 55).

After her claim was denied initially and upon reconsideration, she requested a hearing before an Administrative Law Judge (the "ALJ"). A hearing was noticed for December 3, 2003. (AR 30, 435). Plaintiff's counsel was present, but Plaintiff was not.[1] (AR 435). Vocational expert testimony was taken. (AR 435-39). On April 27, 2004, the ALJ issued a decision denying benefits, finding that Plaintiff was not precluded from returning to her past relevant work as a receptionist. (AR 25-29). Plaintiff's request for Appeals Council review was denied, and the decision of the ALJ became the final decision of the Commissioner. (AR 10-13).

## DISPUTED ISSUES

As reflected in the Joint Stipulation, the disputed issues that Plaintiff is raising as the grounds for reversal and or remand are as follows:

1) Whether the ALJ properly evaluated Plaintiff's subjective pain complaints;

2) Whether the ALJ erred in evaluating Plaintiff's severe impairments;

3) Whether the ALJ's assessment of residual functional capacity is based upon substantial evidence;

4) Whether the ALJ erred in finding that Plaintiff could return to her past relevant work.

---

[1] Plaintiff raises no issue concerning the propriety of proceeding to hearing without her.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. *DeLorme v. Sullivan*, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla" but less than a preponderance. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971); *Desrosiers v. Secretary of Health & Human Servs.*, 846 F.2d 573, 575-76 (9th Cir. 1988). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. This Court must review the record as a whole and consider adverse as well as supporting evidence. *Green v. Heckler*, 803 F.2d 528, 929-30 (9th Cir. 1986). Where evidence is susceptible to more than one rational interpretation, the Commissioner's decision must be upheld. *Gallant v. Heckler*, 753 F.2d 1450, 1452 (9th Cir. 1984).

## DISCUSSION

As noted herein, Plaintiff was not at the hearing. (AR 435). Following examination of the vocational expert by the ALJ, Plaintiff's counsel attempted to question the vocational expert concerning "ongoing pain to the extent that it interferes with [Plaintiff's] ability to concentrate." However, when the ALJ asked for a specific reference in the record to support this hypothetical, Plaintiff's counsel could provide none "without her here to talk about it." Accordingly, the ALJ held the record open to allow counsel "to submit something from [Plaintiff] relative to this issue that [the ALJ] could then give to the vocational expert in the form of an interrogatory. . . ." (AR 440).

Plaintiff submitted a letter in which she wrote that she suffers from daily pain in her hand, neck, shoulder, arms, back, hip, knee, and right ankle. (She noted that simply writing the letter caused her pain in her elbow and in her shoulder.) The pain is

so debilitating that she must rely upon her children to do the washing, cooking and cleaning. She cannot stand or sit more than ten minutes. She also wrote that she suffers from stress that has diminished her appetite, causing her to lose weight. She gets flustered very easily, cannot think, and cries for no reason. She wrote that she was crying from the pain and that she had to have her children help her "even drink a glass of water." (AR 427-28).

Relying in great part on this letter, Plaintiff charges that the ALJ failed to consider her pain complaints (Issue One). In response to the ALJ's finding that Plaintiff was not credible, Plaintiff contends that because she has medically determinable impairments that may reasonably account for some pain, the ALJ should have credited all of her assertions. According to Plaintiff, by failing to credit Plaintiff's pain contentions, the ALJ improperly assessed Plaintiff's residual functional capacity ("RFC"). The ALJ's hypothetical question to the vocational expert, based on the flawed RFC, was therefore also flawed. Thus, Plaintiff concludes that the finding that Plaintiff could return to her past relevant work as a receptionist was erroneous.

Inasmuch as there are medically determinable impairments that may reasonably account for some pain, although not necessarily to the degree alleged, absent evidence of malingering, the ALJ must provide clear and convincing reasons for rejecting Plaintiff's symptom allegations. *Batson v. Commissioner of the Social Security Administration*, 359 F.3d 1190, 1196 (9th Cir. 2004).

Here, however, the ALJ provided clear and convincing reasons in citing the lack of objective findings to support the degree of limitations alleged (AR 26). The ALJ relied on the opinions of the various treating and examining physicians, none of whom found the severe restrictions claimed. (AR 26-27; *see* 91, 229, 258). *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991) (the lack of objective findings is one factor to be considered in assessing credibility); *Thomas v. Barnhart*, 278 F.3d 947, 958-59 (9th Cir. 2002) ("The ALJ may consider . . . testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which [claimant]

complains.") (internal quotation marks and citation omitted). The ALJ further inferred that Plaintiff exaggerated her symptoms, citing the observations of poor examination effort noted by the consultative examiner, Dr. Frederick Davis. (AR 27). *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001) (poor effort during the consultative examination was a valid consideration in assessing credibility); *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982) (ALJ may draw logical inferences from the evidence, and even if the evidence is susceptible to more than one rational interpretation, it is the ALJ's which must be upheld). Indeed, the absence of debilitating prior complaints despite multiple visits to multiple physicians also casts doubt on plaintiff's assertions. (AR 439-40). Finally, the ALJ noted that Plaintiff reported to her first treating physician, Dr. Frank Kanovsky, that she had not returned to work when released to do so, not because of any disability, but because her father was ill and she looked after him with her sister. (AR 26-27; AR 90, 94). Plaintiff also reported that her place of employment had closed. (AR 27, 94; *see also* AR 224; compare AR 345). *See Bruton v. Massanari*, 268 F.3d 824, 828 (9th Cir. 2001).

Plaintiff, on the other hand, argues that if the ALJ had concerns concerning her statement, he should have held a supplemental hearing to allow her to explain her comments. (JS 16, 22). However, the ALJ was not required to do so. *See Tonapetyan*, 242 F.3d at 1148 (The ALJ was not required to give claimant a chance to explain her inconsistent statements at the hearing inasmuch as substantial evidence supported the ALJ's credibility finding even if some of the inconsistencies had innocent explanations.).

Plaintiff also argues that the ALJ failed to consider Plaintiff's complaints of numbness and tingling in her arms which cause her to "drop[] things and [have] difficulty holding objects, such as a pen." (Joint Stipulation ("JS") 16). Plaintiff contends that the ALJ should have found the asserted numbness in upper extremities to be a severe impairment. (Issue No. Two). Plaintiff cites the impingement syndrome in her shoulders as medical evidence supporting her allegations of "numbness in her

upper extremities." She points to two references to complaints of numbness and tingling reported by Dr. Vincent Gumbs, Plaintiff's treating physician, and Dr. Gil Tepper. Plaintiff also cites a fifty per cent reduction in right grip strength noted by Dr. Gumbs as supporting her claims. (Joint Stipulation ("JS") 16; AR 345-46, 369).

Despite the two references to bilateral numbness and tingling cited by Plaintiff, and abnormal electrodiagnostic studies notwithstanding, the record as a whole fails to support any claim that these complaints are ongoing or so significant as to result in any permanent limitations. (*See, e.g.,* AR 249-50, 258, 268, 279, 293, 315, 329). Even on those occasions when she voiced such complaints, both Dr. Gumbs and Dr. Tepper found that sensation was intact in the upper extremities to light touch and pinprick. (AR 349, 371). Grip, although reduced on the right, was, nevertheless, 35/35/35. On the left, it was 52/60/62. (AR 252). Moreover, except for her post-hearing letter, Plaintiff has failed to cite any other reference, even to subjective complaints, that she is unable to hold onto small objects such as a glass or a pen. No such complaint, for example, is alleged in her Disability Report (AR 55), nor are such complaints reported by Drs. Gumbs or Tepper. (AR 345-46, 369).

Thus, there was no error in the ALJ's failure to consider Plaintiff's complaints of numbness and tingling in the upper extremities as resulting in any work-related restrictions other than as already found.

Plaintiff also asserts that the ALJ's RFC finding erroneously failed to take Plaintiff's pain allegations into account. (Issue No. Three). However, because the ALJ provided clear and convincing reasons to reject Plaintiff's symptom allegations, there was no error in the ALJ's assessment of RFC.

Finally, Plaintiff contends that the ALJ should have submitted an interrogatory to the vocational expert that contained Plaintiff's pain limitations. However, the ALJ properly found such limitations not to be credible. Because substantial evidence supports the ALJ's credibility finding, the ALJ did not fail to fully and fairly develop the record by not proffering interrogatories to the vocational expert concerning such

limitations. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) (There was no error in the ALJ's hypothetical to the vocational expert in omitting limitations claimed but not proven.); *Nelson v. Apfel,* 131 F.3d 1228, 1236 n.4 (7th Cir. 1997) (The ALJ is not required to perform a useless act.).

## CONCLUSION

For the reasons set forth above, this Court finds that the Commissioner's decision is supported by substantial evidence and is free of material legal error. Therefore, the decision of the Commissioner is AFFIRMED.

IT IS SO ORDERED.

DATED:   November 21, 2006

/ S /  FREDERICK F. MUMM
_____
FREDERICK F. MUMM
United States Magistrate Judge